ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 13 2004

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THE COCA-COLA COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action 1:02-CV-2887RWS |
| | ) | |
| v. | ) | |
| | ) | Judge Richard W. Story |
| PEPSICO, INC., RAPAK, LLC, | ) | |
| and DSS RAPAK, INC., | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT (NO. 4) THAT COCA-COLA
CANNOT, AS A MATTER OF LAW, RECOVER PRE-FILING DAMAGES

EMMET J. BONDURANT
  Bondurant, Mixson & Elmore, LLP
  3900 One Atlantic Center
  1201 West Peachtree Street
  Atlanta, GA 30309-3417

KEITH V. ROCKEY
KATHLEEN A. LYONS
MAURICE E. TEIXEIRA
SANJAY K. MURTHY
  Wallenstein Wagner & Rockey, Ltd.
  311 South Wacker Drive, 53rd Floor
  Chicago, IL 60606-6630

PASQUALE A. RAZZANO
JENNIFER A. REDA
  Fitzpatrick, Cella, Harper & Scinto
  30 Rockefeller Plaza
  New York, NY 10112-3800

Attorneys for Defendants

TABLE OF CONTENTS

I.    Unfounded Is Coca-Cola's Argument That It
      Is Entitled To Pre-Filing Damages From Pepsi ......................................... 2


II.   Wrong Is Coca-Cola's Argument That
      Proof Of Actual Notice Of Infringement
      Of The '421 Patent Claims Is Not Required................................................4


III.  Equally Lacking In Merit Is Coca-Cola's Pretension
      That It Provided Actual Notice To Rapak That The
      Rapak Dip Tube Bag Infringes The '493 Patent Claims ............................ 8


CONCLUSION    ............................................................................................... 15

## TABLE OF AUTHORITIES

AccuScan, Inc. v. Xerox Corp.
  (SDNY, 1998) 1998 WL 60991 ................................................................ 11, 13


American Medical Systems, Inc. v. Medical Engineering Corporation
  (Fed. Cir., 1993), 6 F.3d 1523.................................................................. 5, 6, 7


Amsted Industries Incorporated v. Buckeye Steel Castings Company
  (Fed. Cir., 1994), 24 F.3d 178.................................................................. 3, 10


AT & T Corp. v. Microsoft Corporation
  (SDNY, 2003), 290 F.Supp.2d 409............................................................ 3


Bandag, Inc. v. Gerrard Tire Company, Inc.
  (Fed. Cir., 1983), 704 F.2d 1578............................................................... 4, 5


Gart v. Logitech, Inc.
  (Fed. Cir., 2001), 254 F.3d 1334.................................................... 10, 12, 13, 14


Hanson v. Alpine Valley Ski Area, Inc.
  (Fed. Cir., 1983), 718 F.2d 1075............................................................... 4, 5


Lans v. Digital Equipment Corporation
  (Fed. Cir., 2001), 252 F.3d 1320............................................................... 3

Novo Nordisk A/S v. Becton Dickinson and Company
   (SDNY, 2000), 96 F.Supp.2d 309.............................................................11-12


SRI International, Inc. v. Advanced Technology Laboratories, Inc.
   (Fed. Cir., 1997), 127 F.3d 1462......................................................... 2

Coca-Cola has been unable to answer the showing by Rapak and Pepsi that Coca-Cola is not entitled to claim, as a matter of law, pre-filing damages. In actual fact, Coca-Cola concedes two key points on that issue, namely Coca-Cola agrees that:

(1)     Defendants are entitled to an order precluding Coca-Cola from seeking pre-filing damages as to Rapak's Evacufilm bag, Coca-Cola admits that it "is not seeking pre-filing damages for the Evacufilm bag" (Coca-Cola Opposition 4, p. 4, note 1).

(2)     Defendants are entitled to an order precluding Coca-Cola from seeking pre-filing damages under the '252 patent as Coca-Cola does not even address the issue, let alone raise any disputed facts.

This Court should enter an order reflecting Coca-Cola's concessions. Coca-Cola has failed to answer the other points raised by Rapak and Pepsi as well. Coca-Cola is thus entitled to no pre-filing damages in this case because it admits that it failed to consistently mark and failed to provide proper notice within the meaning

of § 287.

I.    Unfounded Is Coca-Cola's Argument That It
      Is Entitled To Pre-Filing Damages From Pepsi


As Rapak and Pepsi pointed out in their opening memorandum, the "actual notice" requirement of 35 U.S.C. § 287 has, among its purposes, ensuring that an accused infringer knew of the asserted patent and its scope during the period for which he or she is asserted to have liability (SRI International, Inc. v. Advanced Technology Laboratories, Inc. (Fed. Cir., 1997), 127 F.3d 1462, 1470). Notice is particularly important here; Pepsi is not a manufacturer of bags for BIB applications.  It does not use any of the methods of fabrication claimed in the patents-in-suit.  To the extent there is any liability at all, Pepsi's exposure flows from its use of the article of manufacture, namely the BIB bag itself.


Coca-Cola does not suggest that it ever provided "actual notice" of infringement to Pepsi for either the dip tube bag or the Evacufilm bag (Coca-Cola Response, ¶ 52).  Coca-Cola's argument is founded on the premise that, despite the absence of any communication between Coca-Cola and Pepsi on the issue of

infringement, Rapak's communication to Pepsi of Coca-Cola's charge of

infringement as to Rapak's dip strip bag satisfied Coca-cola's obligations under §

287.  That assertion, even if true, is irrelevant as a matter of law.


It is well established that such "notice" is insufficient as a matter of

law.  The law requires that actual notice must "come from the patentee" not from

an infringer or other third parties (Lans v. Digital Equipment Corporation (Fed.

Cir., 2001), 252 F.3d 1320, 1327; AT & T Corp. v. Microsoft Corporation (SDNY,

2003), 290 F.Supp.2d 409, 416-18).  The Federal Circuit clearly explained that

requirement in Amsted Industries Incorporated v. Buckeye Steel Castings

Company (Fed. Cir., 1994), 24 F.3d 178, 187 thus:

> "It is irrelevant, contrary to the district court's
> conclusion, whether the defendant knew of the
> patent or knew of his own infringement.  The
> correct approach to determining notice under
> section 287 must focus on the action of the
> patentee, not the knowledge of the
> infringer."[emphasis added]


Communications between Rapak and Pepsi cannot, as a matter of law, satisfy

-3-

Coca-Cola's duty to provide notice under 35 U.S.C. § 287.

There being no material facts in dispute, this Court should grant defendants' motion for summary judgment as to Pepsi and preclude Coca-Cola from recovering any pre-filing damages in the event that Pepsi is found to infringe.

II.  Wrong Is Coca-Cola's Argument That
     Proof Of Actual Notice Of Infringement
     Of The '421 Patent Claims Is Not Required

Coca-Cola does not dispute the fact that it never provided "actual notice" of infringement of the '421 patent to Rapak.  Instead, Coca-Cola makes the strained argument that it need not satisfy the notice requirement of § 287(a) because "Coca-Cola has only asserted the '421 patent's method of manufacture claims" (Coca-Cola Opposition 4, pp. 6 and 20).

Coca-Cola's theory here is that, because it asserts only method claims against Rapak's dip tube bag, Coca-Cola need not satisfy the notice requirement of

-4-

§ 287.  In support of that view, Coca-Cola relies on two early Federal Circuit decisions, Hanson v. Alpine Valley Ski Area, Inc. (Fed. Cir., 1983), 718 F.2d 1075 and Bandag, Inc. v. Gerrard Tire Company, Inc. (Fed. Cir., 1983), 704 F.2d 1578. Later cases, however, have clarified the law on that issue.

In Hanson, the Federal Circuit noted that patent marking was not necessary because the claims of the patent were directed to "[t]he method of forming, distributing and depositing snow upon a surface" (718 F.2d at 1083). Similarly, in Bandag patent marking was not required because the claims of the patent were directed to a tire recapping process (704 F.2d at 1579).  The law allows a patentee to forgo marking without loss of pre-filing damages only where there is no "tangible item to mark" (American Medical Systems, Inc. v. Medical Engineering Corporation (Fed. Cir., 1993), 6 F.3d 1523, 1538).  Neither Hanson nor Bandag had a "tangible item to mark" with the patent number to provide notice that its asserted method claims were infringed.  Notice could not have been given in either case -- a situation directly inapposite to the case here.

In arguing the contrary, Coca-Cola just distorts the law, suggesting

that it is given a pass on notice where only method claims are asserted.  That

argument is laid to rest by controlling precedent cited in defendants' opening brief.

In <u>American Medical</u> (Fed. Cir., 1993), 6 F.3d at 1538, the Court wrote:

> "The purpose behind the marking statute is to
> encourage the patentee to give notice to the public
> of the patent.  The reason that the marking statute
> does not apply to method claims is that, ordinarily,
> where the patent claims are directed to only a
> method or process there is nothing to mark."

But, where, as here, there is something "tangible" to mark -- namely the Coca-

Cola or Scholle bags allegedly made in accordance with the claims of the '421

patent -- notice is required.

As the Court stated in <u>American Medical</u> (6 F.3d at 1538-39):

> "Where the patent contains both apparatus and
> method claims, however, to the extent that there is
> a tangible item to mark by which notice of the
> asserted method claims can be given, a party is
> obligated to do so it if intends to avail itself of the
> constructive notice provisions of section 287(a)."

Contrary to Coca-Cola's arguments, the Federal Circuit has made it crystal clear that where, as here, there is a "tangible item to mark by which notice of the asserted method claims can be given", § 287 does indeed apply.

Coca-Cola, grasping at straws, attempts to draw a distinction based on the types of claims of the '421 patent that it asserts against the dip tube bag and the Evacufilm bag, respectively (Coca-Cola Opposition 4, pp.20-21). Coca-Cola's theory is that a patentee with claims in the same patent directed to a method and an apparatus manufactured under that method can avoid the marking and actual notice requirements of § 287 by selectively asserting only method claims against an accused infringer. That theory would defeat the express purpose of § 287 and flies in the face of the decision in American Medical. Coca-Cola's argument simply ignores the fact that in this case, it is indeed asserting both apparatus and method claims of the '421 patent (claims 1 and 20), albeit against different devices.

Coca-Cola's own conduct belies its present argument. In June and

July of 1999, Coca-Cola sent out two letters containing its charges of
infringement.  One was addressed to Scholle and alleged infringement of the '493
patent (Exhibit 30A, p. 3); the second was addressed to Rapak and contained
Coca-Cola's charge of infringement of the '493 patent against Rapak's "offset dip
strip" bag (which had never been sold; (Exhibit 30, p. 2)).  Coca-Cola later sent
another notice of infringement to Scholle in January of 2000 (Exhibit 30A).  On
that occasion, Coca-Cola referred not only to the '493 patent but the newly issued
'421 patent as well.  The contemporaneous facts demonstrate beyond any real
question that Coca-Cola had recognized at the time that actual notice of the '421
patent was necessary to satisfy the requirements of § 287  (Defendants' Statement,
¶¶ 50-52).  That certifies as wrong Coca-Cola's new argument that the notice
requirements of § 287 do not apply to claims of infringement based on the '421
patent.

Since the facts are undisputed and Coca-Cola's arguments are without
any legal support, this Court should grant defendants' motion and preclude Coca-
Cola from recovering any pre-filling damages relating to the '421 patent.

III.  Equally Lacking In Merit Is Coca-Cola's Pretension
      That It Provided Actual Notice To Rapak That The
      Rapak Dip Tube Bag Infringes The '493 Patent Claims

Coca-Cola's arguments for notice of infringement as to Rapak's dip

tube bag fare no better.  Once again, Coca-Cola does not pretend that it gave

Rapak "actual notice" of its claim that Rapak's dip tube bag infringes the '493

patent (Coca-Cola Response, ¶¶ 52 and 62).  Rather, Coca-Cola relies on its June

21, 1999 letter from its Vice-President, Mr. Tom Blackstock to Rapak ("the

Blackstock letter"; Exhibit 30), directed to Rapak's previously developed -- but

never marketed -- dip strip bag as satisfying the actual notice requirement for the

dip tube bag.

Coca-Cola's arguments proceed along one of two theories.  Coca-

Cola suggests -- with no evidentiary support -- that Rapak's presently accused dip

tube bag is so similar to the previously noticed dip strip bag that the Blackstock

letter should be treated as actual notice.  In the alternative, Coca-Cola says that

whether the Blackstock letter constitutes notice is a jury question, not ripe for

summary judgment.  Neither position has merit.

Anent the first point, several factors set at naught Coca-Cola's argument based on similarity:

(a)     At the time of the Blackstock letter in June of 1999, the dip tube bag had not even been developed.  Mr. Blackstock's June 1999 letter cannot serve as notice of infringement by a product that had not yet been conceived, developed, made or used (Exhibit 110, pp. 82-83; Exhibit 111).  Coca-Cola could not charge infringement, as the law demands, "by a specific accused product or device" (Amsted Industries Incorporated v. Buckeye Steel Castings Company (Fed. Cir., 1994), 24 F.3d 178, 187; Gart v. Logitech, Inc. (Fed. Cir., 2001), 254 F.3d 1334, 1345).

(b)     Far from a "minor change" (Coca-Cola Opposition 4, p. 5), Rapak's dip tube bag utilizes the very dip tube that the Coca-Cola patents criticized as fraught with "disadvantages" (Exhibit 2, col. 1, ll. 38 et seq.). Rapak's offset "dip tube" bag was markedly different from the offset "dipstrip"

bag so as to require separate notice.[*]

Coca-Cola suggests that Rapak's flat dip strip bag it had originally proposed and the dip tube bag Rapak ultimately commercialized were essentially the same (Coca-Cola Opposition 4, pp. 12-15). That position is based on the assumption that since the infringement issues as to both bags were the same, there was no need for Coca-Cola to provide separate notice. The premise of that argument is demonstrably untrue.

Claim 10 of the '493 patent, for example, calls for the "liquid passage member" to be, among other things, flat -- a characteristic of the original dip strip bag but not a characteristic of the accused Rapak dip tube bag. Coca-Cola admits (Coca-Cola Opposition 4, pp. 14) that the claims of the '421 patent calling for a "flat member" cannot be asserted against Rapak's dip tube bag. As this Court

---

[*]   Claim 1 of the '493 patent, as an example, covers, as the "liquid passage means", ribs extending over the length of the bag and equivalents of that structure. As Rapak and Pepsi demonstrate in their opening brief in support of Defendants' Motion No. 1, a hollow tube functions in an entirely different way, certifying that the infringement analysis of the two bags are poles apart.

knows, the words of the claims control.  Therefore, the infringement issues posed

by the two bags are clearly not the same. *

Coca-Cola's back-up argument -- that a jury could find that the dip

tube bag is "in the same family" as the dip strip bag (Coca-Cola Opposition 4, pp.

15-17) -- is equally unavailing.  Coca-Cola relies on several district court cases,

namely AccuScan, Inc. v. Xerox Corp. (SDNY, 1998) 1998 WL 60991, *11 and

Novo Nordisk A/S v. Becton Dickinson and Company (SDNY, 2000), 96

F.Supp.2d 309, 320.  However, those cases were all decided before the Federal

Circuit's decision in Gart v. Logitech, Inc. (Fed. Cir., 2001), 254 F.3d 1334, 1347

where the Court found that, when multiple products are involved, "actual notice"

requires specificity.

In Gart, the Federal Circuit noted that while compliance with

§ 287 is a question of fact, it is still amenable to summary judgment.  As the Court

--- --- --- ---

* It is equally clear that, contrary to Coca-Cola's arguments, no reasonable
jury could find that Rapak's original dip strip bag and the accused dip tube bag are
"virtually identical" (Coca-Cola Opposition 4, p. 15).

there stated (254 F.3d at 1339):

> "Thus, this issue is properly decided upon
> summary judgment when no reasonable jury could
> find that the patentee either has or has not
> provided actual notice to the 'particular defendants
> by informing them of his patent and of their
> infringement of it.'"

In Gart, the Federal Circuit affirmed the district court's grant of summary

judgment that there was no actual notice of infringement as to the two products

lines not identified in notice letters that had identified other similar product lines.

Therefore, contrary to Coca-Cola's arguments here, actual notice must be specific

and requires an affirmative communication of a specific charge of infringement by

a "specific accused product or device" (254 F.3d at 1345-47).

Coca-Cola attempts to distinguish Gart on the basis that the Federal

Circuit and District Court opinions do not provide details as to how similar the

unidentified products were to the products "named in the notice" (Coca-Cola

Opposition 4, p. 18, n. 8).   A review of the record on appeal in Gart exposes the

flaws in that argument.  The appellant in Gart relied on AccuScan to make

precisely the same arguments that Coca-Cola makes now (Exhibit 112, pp. 59-62).

Indeed, the appellant's argument has an eerily familiar ring to it, saying as it does

(Exhibit 112, p. 61):

> "It would be impractical to require a patentee to
> provide new notice each time an infringer, already
> on notice as to one product, introduced a new
> product in the same product family."

In arguing that the notice issue presented a fact question, the appellant in Gart

further explained (Exhibit 112, pp. 61-62):

> "The six products in suit are all part of the same
> product family. Logitech groups its MouseMan
> and TrackMan products as a single product unit."

That demonstrates, beyond any real debate, that the products in Gart were indeed

from the "same family".

What controls here is the fact that the Federal Circuit in Gart affirmed

the district court's grant of summary judgment of no "actual notice" as to the

products not identified in the notice letter -- plainly rejecting the appellant's "same family of devices" argument (254 F.3d at 1347).  That spells the death knell for Coca-Cola's argument here.  Just as in <u>Gart</u>, this Court should reject that argument and enter an order that Coca-Cola is, as a matter of law, not entitled to pre-filing damages as to Rapak's dip tube bag.

## CONCLUSION

Coca-Cola cannot, as a matter of law, prove actual notice within the meaning of § 287. As a result, Coca-Cola's claim for damages, even if it were successful in establish liability, is limited to damages for infringement occurring after its Complaint was filed. This Court should so rule.

Respectfully submitted,

EMMET J. BONDURANT
  Bondurant, Mixson & Elmore, LLP
  3900 One Atlantic Center
  1201 West Peachtree Street
  Atlanta, GA 30309-3417
  Ph:  404-881-4100
  Fax: 404-881-4111

KEITH V. ROCKEY
KATHLEEN A. LYONS
MAURICE E. TEIXEIRA
SANJAY K. MURTHY
  Wallenstein Wagner & Rockey, Ltd.
  311 South Wacker Drive, 53rd Floor
  Chicago, IL 60606-6630
  Ph:  312-554-3300
  Fax: 312-554-3301

PASQUALE A. RAZZANO
JENNIFER A. REDA
  Fitzpatrick, Cella, Harper & Scinto
  30 Rockefeller Plaza
  New York, NY 10112-3800
  Ph:  212-218-2100
  Fax: 212-218-2200

Attorneys for Defendants

-16-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THE COCA-COLA COMPANY,          )
                                )
            Plaintiff,          )     Civil Action 1:02-CV-2887RWS
                                )
      v.                        )
                                )     Judge Richard W. Story
PEPSICO, INC., RAPAK, LLC,      )
and DSS RAPAK, INC.,            )
                                )
            Defendants.         )

## CERTIFICATE OF SERVICE

The undersigned counsel for defendant Rapak, LLC hereby certifies that true and correct copies of the DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT (NO. 4) THAT COCA-COLA CANNOT, AS A MATTER OF LAW, RECOVER PRE-FILING DAMAGES were served electronically on the 12th day of April, 2004 and by courier on the 13th day of April, 2004 on the following counsel:

> Joseph R. Bankoff, Esq.
> Clark G. Sullivan, Esq.
> King & Spalding LLP
> 191 Peachtree Street, NE
> Atlanta, GA 30303

_____
One of Rapak's Counsel