ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta

FEB 09 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE COCA-COLA COMPANY, | ) |
| | ) |
| Plaintiff, | ) Civil Action 1:02-CV-2887RWS |
| | ) |
| v. | ) |
| | ) Judge Richard W. Story |
| PEPSICO, INC., RAPAK, LLC, | ) |
| and DSS RAPAK, INC., | ) |
| | ) |
| Defendants. | ) Pre-Trial Conference |
| | ) scheduled for March 14, 2005 |
| | ) at 9:30 a.m. |

### DEFENDANTS' MOTION NO. 2 FOR AN ORDER IN LIMINE EXCLUDING ANY REFERENCE TO INDEMNIFICATION PROVISIONS BETWEEN PEPSI AND RAPAK

NOW COME defendants, PepsiCo, Inc., Rapak, LLC and DSS Rapak, Inc., through their undersigned attorneys of record, and respectfully move this Honorable Court for an order excluding any reference to indemnification provisions present in certain supply agreements between PepsiCo, Inc. ("Pepsi") and Rapak, LLC ("Rapak").

The ground for this motion is that Coca-Cola's trial preparations make it clear that it plans on relying heavily on those indemnity provisions to support its

infringement case. Coca-Cola seeks to introduce evidence of indemnification to show that Pepsi and Rapak have acted negligently or wrongfully. However, indemnification provisions are inadmissible to establish liability under Federal Rule of Evidence 411. Furthermore, the indemnification provisions are far more prejudicial than probative within the meaning of Rule 403 of the Federal Rules of Evidence.

The facts on which this motion is based are set forth in the accompanying memorandum. Defendants demonstrate that the evidence relating to the indemnification provisions that Coca-Cola seeks to introduce in this case is inadmissible. Also, such evidence is irrelevant and far more prejudicial to Pepsi and Rapak than probative of any issues in this case. Thus Coca-Cola's "evidence" relating to the indemnity provisions should be excluded from the trial of this case.

WHEREFORE defendants respectfully request entry of an Order in accordance with the prayer of this motion.

Respectfully submitted,

_____
EMMET J. BONDURANT
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3417
Ph:   404-881-4100
Fax: 404-881-4111

KEITH V. ROCKEY
KATHLEEN A. LYONS
MAURICE E. TEIXEIRA
SANJAY K. MURTHY
Wallenstein Wagner & Rockey, Ltd.
311 South Wacker Drive, 53rd Floor
Chicago, IL 60606-6630
Ph:   312-554-3300
Fax: 312-554-3301

PASQUALE A. RAZZANO
JENNIFER A. REDA
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, NY 10112-3800
Ph:   212-218-2100
Fax: 212-218-2200

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE COCA-COLA COMPANY, ) | |
| ) | |
| Plaintiff, ) | Civil Action 1:02-CV-2887RWS |
| ) | |
| v. ) | |
| ) | Judge Richard W. Story |
| PEPSICO, INC., RAPAK, LLC, ) | |
| and DSS RAPAK, INC., ) | |
| ) | Pre-Trial Conference |
| Defendants. ) | scheduled for March 14, 2005 |
| ) | at 9:30 a.m. |

## CERTIFICATE OF SERVICE

The undersigned counsel for defendants PepsiCo, Inc., Rapak, LLC and DSS Rapak, Inc. hereby certifies that true and correct copies of the DEFENDANTS' MOTION NO. 2 FOR AN ORDER IN LIMINE EXCLUDING ANY REFERENCE TO INDEMNIFICATION PROVISIONS BETWEEN PEPSI AND RAPAK were served this 8th day of February, 2005 on the following counsel in the manner indicated:

VIA EMAIL AND
FEDERAL EXPRESS

Joseph R. Bankoff
Clark G. Sullivan
King & Spalding LLP
191 Peachtree Street, NE
Atlanta, GA 30303

VIA FEDERAL EXPRESS

Thomas G. Sampson, Sr., Esq.
Thomas, Kennedy, Sampson & Patterson
3355 Main Street
Atlanta, GA 30337

_____
One of Defendants' Counsel