ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta

FEB 09 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE COCA-COLA COMPANY, | ) |
| | ) |
| Plaintiff, | ) Civil Action 1:02-CV-2887RWS |
| | ) |
| v. | ) |
| | ) Judge Richard W. Story |
| PEPSICO, INC., RAPAK, LLC, | ) |
| and DSS RAPAK, INC., | ) |
| | ) Pre-Trial Conference |
| Defendants. | ) scheduled for March 14, 2005 |
| | ) at 9:30 a.m. |

### DEFENDANTS' MOTION NO. 3 FOR AN ORDER IN LIMINE EXCLUDING ANY REFERENCE TO INDEMNIFICATION PROVISIONS BETWEEN RAPAK AND TILIA

NOW COME defendants, PepsiCo, Inc., Rapak, LLC and DSS Rapak, Inc., through their undersigned attorneys of record, and respectfully move this Honorable Court for an order excluding any reference to an indemnification provision present in a license agreement between Rapak, LLC ("Rapak") and Tilia Inc. ("Tilia").

The ground for this motion is that, based upon Coca-Cola's trial preparations, it is clear that Coca-Cola plans on relying on the indemnity provision

in that agreement, as well as concerns on the part of Tilia, a non-party, as "evidence" that Rapak has acted wrongfully in its alleged infringement of the Coca-Cola patents. That indemnification agreement, and Tilia's state of mind, are not relevant, under Rule 402 of the Federal Rules of Evidence, to any issue in this case. And, even if it were relevant, such "evidence" is far more prejudicial to Rapak than probative of any issue here under Rule 403 of the Federal Rules of Evidence.

The facts on which this motion is based are set forth in the accompanying memorandum. Defendants demonstrate that the "evidence" that Coca-Cola seeks to introduce in this case -- the indemnification provision of the Tilia license and Tilia's concerns about that provision -- is not admissible. Also, such evidence is irrelevant and far more prejudicial to Rapak than probative of any issues in this case. Thus Coca-Cola's "evidence" relating to the indemnity provision of the Tilia license should be excluded from the trial of this case.

WHEREFORE defendants respectfully request entry of an Order in accordance with the prayer of this motion.

Respectfully submitted,

*[signature]*

EMMET J. BONDURANT
  Bondurant, Mixson & Elmore, LLP
  3900 One Atlantic Center
  1201 West Peachtree Street
  Atlanta, GA 30309-3417
  Ph:  404-881-4100
  Fax: 404-881-4111

KEITH V. ROCKEY
KATHLEEN A. LYONS
MAURICE E. TEIXEIRA
SANJAY K. MURTHY
  Wallenstein Wagner & Rockey, Ltd.
  311 South Wacker Drive, 53rd Floor
  Chicago, IL 60606-6630
  Ph:  312-554-3300
  Fax: 312-554-3301

PASQUALE A. RAZZANO
JENNIFER A. REDA
  Fitzpatrick, Cella, Harper & Scinto
  30 Rockefeller Plaza
  New York, NY 10112-3800
  Ph:  212-218-2100
  Fax: 212-218-2200

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE COCA-COLA COMPANY, ) | |
| ) | |
| Plaintiff, ) | Civil Action 1:02-CV-2887RWS |
| ) | |
| v. ) | |
| ) | Judge Richard W. Story |
| PEPSICO, INC., RAPAK, LLC, ) | |
| and DSS RAPAK, INC., ) | |
| ) | Pre-Trial Conference |
| Defendants. ) | scheduled for March 14, 2005 |
| ) | at 9:30 a.m. |

## CERTIFICATE OF SERVICE

The undersigned counsel for defendants PepsiCo, Inc., Rapak, LLC and DSS Rapak, Inc. hereby certifies that true and correct copies of the DEFENDANTS' MOTION NO. 3 FOR AN ORDER <u>IN LIMINE</u> EXCLUDING ANY REFERENCE TO INDEMNIFICATION PROVISIONS BETWEEN RAPAK AND TILIA were served this 8th day of February, 2005 on the following counsel in the manner indicated:

<u>VIA EMAIL AND
FEDERAL EXPRESS</u>

Joseph R. Bankoff
Clark G. Sullivan
King & Spalding LLP
191 Peachtree Street, NE
Atlanta, GA 30303

VIA FEDERAL EXPRESS

Thomas G. Sampson, Sr., Esq.
Thomas, Kennedy, Sampson & Patterson
3355 Main Street
Atlanta, GA 30337

_____
One of Defendants' Counsel